| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | TARA K. McGRATH<br>United States Attorney<br>JOSEPH P. PRICE, JR.<br>Assistant U.S. Attorney<br>Cal. State Bar No. 131689<br>Office of the U.S. Attorney<br>880 Front Street, Room 6293<br>San Diego, CA 92101-8893<br>(619) 546-7642<br>Joseph.Price@usdoj.gov<br><br>Attorneys for Plaintiff<br>United States of America |



SEALED

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PPP ELIGIBILITY EXPERTS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HOEHN MOTORS INC. dba MERCEDES BENZ OF CARLSBAD; THE HOEHN COMPANY INC. dba HOEHN HONDA CARLSBAD; HOEHN JLR, INC. dba LAND ROVER CARLSBAD, JAGUAR CARLSBAD; HOEHN BUICK GMC CADILLAC; HOEHN OF TEMECULA INC. dba AUDI TEMECULA; HOEHN GROUP LLC; HOEHN ENTERPRISE I LLC; HOEHN ENTERPRISE 4 TEMECULA LLC; HOEHN JLR LLC; SUSANAH HOEHN PETERSON; THEODORE WILLIAM HOEHN III; THEODORE WILLIAM HOEHN IV; ROBERT AUSTIN HOEHN,<br><br>Defendants. | Case No.: 24-CV-1600-W (AHG)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION OF THE UNITED STATES FOR AN EXTENSION OF TIME TO MAKE INTERVENTION DECISION AND FOR A PARTIAL LIFT OF THE SEAL<br><br>**FILED *IN CAMERA* AND UNDER SEAL** |

The United States submits this memorandum in support of its *ex parte* application for an order under the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(3), for a three-month extension, up to and including February 21, 2025, for the United States to notify this Court of its decision whether to intervene in the above-captioned *qui tam* action, and for a partial lift of the seal to allow the United States to disclose, in its discretion, the Complaint (in whole or in part) or the allegations or nature of the claims asserted therein, to Defendants. The United States requests that, subject to the partial lift of the seal, the Complaint and all filings in this matter, including this application and the materials filed in support thereof, otherwise remain under seal. This is the Government's first request for an extension of the intervention election and seal deadline. Relator concurs in this request.[1]

# I

## FACTS AND PROCEDURAL BACKGROUND

Relator filed this case under the *qui tam* provisions of the FCA, 31 U.S.C. § 3730(b). Relator names total twelve defendants: eight business entities and four individual members of the Hoehn family affiliated with Hoehn car dealerships located in Southern California. Compl. at ¶¶ 2, 3. Relator alleges that Defendants committed fraud in connection with obtaining at least $11,083,181 in loans, and forgiveness of these loans, issued under the Paycheck Protection Program ("PPP") that was created by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act that Congress passed to help stabilize the economy during the COVID pandemic. *Id.* at ¶¶ 1, 2.

Relator alleges that the PPP loan applications did not reflect the true size of affiliated entities of the Hoehn entities (collectively referred to by Relator as "Hoehn Motors"). *Id.* at ¶ 4. Relator alleges that affiliated entities of Hoehn Motors knowingly falsely claimed eligibility for PPP loans and supported their applications with documents that did not reveal information on their true number of employees, tangible net worth, income and economic need. *Id.* Relator alleges that without these false claims and statements, affiliated entities of

---

[1] In accordance with 31 U.S.C. § 3730(b), Defendants are not being served with a copy of this application.

Hoehn Motors would not have received PPP loans and their lenders would not have received loan processing fees. *Id.*

Relator alleges that at leave five Hoehn Motors dealerships were not eligible for First Draw PPP loans because affiliated entities collectively had more than the eligibility size limit of 500 employees, exceeded the industry size standard employee count for new car dealerships of 200 employees, and held real estate worth tens of millions of dollars. *Id.* at ¶¶ 47, 49-53. Relator alleges that at least three Hoehn Motors dealerships obtained but were not eligible for Second Draw PPP loans because affiliated entities of Hoehn Motors had more than the Second Draw eligibility size limit of 300 employees. *Id.*

Relator alleges that affiliated entities of Hoehn Motors unlawfully obtained at least $11,083,181 of PPP loans as follows:

### FIRST DRAW PPP LOANS

| Applicant | Loan Amount |
|---|---|
| Hoehn Motors Inc. | $4,390,700 |
| The Hoehn Company Inc. | $1,475,100 |
| Hoehn JLR, Inc. | $1,012,200 |
| Hoehn Buick GMC Cadillac, Inc. | $923,500 |
| Hoehn of Temecula Inc. | $707,100 |
| Total | **$8,508,600** |

### SECOND DRAW PPP LOANS

| Applicant | Loan Amount |
|---|---|
| The Hoehn Company Inc. | $1,277,672 |
| Hoehn Buick GMC Cadillac, Inc. | $783,442 |

| Hoehn of Temecula Inc. | $513,467 |
|---|---|
| Total | **$2,574,581** |

*Id.* at ¶ 58.

The FCA mandates that the United States conduct an investigation into the merits of a relator's allegations and make a decision whether to intervene in the action. 31 U.S.C. § 3730(a)-(b). The current deadline under the FCA for the United States to elect whether to intervene is November 22, 2024. For the reasons discussed below and in the declaration of counsel filed with this memorandum, the United States requests an extension up to and including February 21, 2025, for the United States to notify this Court of its decision whether to intervene in this *qui tam* action, and for a partial lift of the seal to allow the United States to disclose, in its discretion, the Complaint (in whole or in part) or the allegations or nature of the claims asserted therein, to Defendants, and during which time the Complaint and other related filings shall otherwise remain under seal.[2]

## II

## **POINTS AND AUTHORITIES**

Congress has explicitly recognized that the United States may require additional time in which to make informed intervention election decisions, and the investigative period provided for under the FCA may be extended, for good cause, upon application of the United States. 31 U.S.C. § 3730(b)(3). As more fully described in the accompanying *in*

---

[2] In March 2015, the Judicial Conference of the United States changed how *qui tam* cases are reported to the Administrative Office of the Courts under the Civil Justice Reform Act. Recognizing that *qui tam* cases often require lengthy periods of investigation, and often require coordination among federal criminal, civil, and agency authorities as well as state actors, the Judicial Conference has amended the reporting requirements to provide that *qui tam* cases under the False Claims Act will be deemed pending on the date such cases are unsealed by the court, rather than on the date they were filed by the relator. This change ensures that the time the Government needs to pursue its sealed investigation and negotiations will not adversely impact the Court's docket.

*camera* declaration in support of this application, the United States respectfully submits that there is good cause for an extension and for a partial lift of the seal in this case.[3]

An investigation and evaluation of Relator's allegations is currently underway. Additional time is needed for the United States to conduct its investigation and to make an informed decision as to whether to intervene in this action pursuant to 31 U.S.C. § 3730(b)(4). The United States respectfully submits that good cause exists for this extension because of the need for the United States to complete its evaluation of this case and inform itself of the relevant facts and circumstances surrounding Relator's allegations prior to making any intervention determination.

### III

### **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' application for an extension up to and including February 21, 2025, for the United States to notify this Court of its decision whether to intervene, and for a partial lift of the seal. Other than for the limited purpose of the partial lift of the seal, the United States respectfully requests that the Complaint and all filings in this matter, including this application and the materials filed in support thereof, otherwise remain under seal.

DATED: November 20, 2024

Respectfully submitted,

TARA K. McGRATH
United States Attorney

JOSEPH P. PRICE, JR.
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

---

[3] The False Claims Act specifically allows the filing of declarations in support of extension requests to be made *in camera*. 31 U.S.C. § 3730(b)(3).